IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMAL M. SMITH | ) |
|         Plaintiff, | ) |
| Vs. | ) |
| CITY OF JOLIET, And<br>UNKNOWN JOLIET POLICE<br>OFFICERS, | )    JURY TRIAL DEMANDED |
|         Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, JAMAL M. SMITH, by and through his attorneys, LAWRENCE X. O'REILLY and MICHAEL E. BAKER, and complaining of Defendants, CITY OF JOLIET, ROBERT O'DEKIRK, and UNKNOWN JOLIET POLICE OFFICERS (collectively, the "Defendant Officers"), and states as follows:

## INTRODUCTION

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331 and §1367.

3. 3. The Court has supplementary jurisdiction over the substantially related state claims under 28 U.S.C. 1367 (a).

4. Venue is appropriate pursuant to 28 U.S.C. 1391 as all of the complained of acts occurred within the Northern District of Illinois.

1

**PLAINTIFF'S ALLEGATIONS**

5. JAMAL M. SMITH (hereinafter "Plaintiff") is a 28-year-old resident of Crest Hill, Will County, Illinois.

6. On May 31, 2020, Robert O'Dekirk was the elected Mayor of the City of Joliet, Illinois.

7. On May 31, 2020, unknown individual police officers (collectively, the "Defendant Officers") were employed by the City of Joliet.

8. On May 31, 2020, Defendant Mayor O'Dekirk grabbed Plaintiff's brother, Victor M. Williams in and around the neck area and about the body and forcefully drove him backwards and subsequently threw him to the ground. At no time did Victor Williams undertake any measures to provoke the encounter or actions which took him to the ground. Victor Williams had committed no crime, was unarmed, presented no threat to any person and was upon public land. There was no justification for the use of force against Victor Williams.

9. Plaintiff came to the defense of Victor Williams by making attempts to stop Mayor O'Dekirk's unprovoked attack upon Victor Williams.

10. The Defendant Officers without any justification or provocation beat Plaintiff about his head and body and continued to do so as he lay defenseless on the ground.

11. After being beaten, Plaintiff was arrested without lawful justification, handcuffed, placed inside a squadrol, and taken to the Joliet Police Department where he was charged with Aggravated Assault and Mob Action.

12. On July 2, 2020, the Will County State's Attorney's Office announced that they were not proceeding on the charges against Plaintiff.

13. Defendant Officers used inappropriate, unwarranted and unjustifiable force against Plaintiff. Defendant Officers assaulted, battered and restrained Plaintiff without lawful cause or justification. Following the beating, the Defendant Officers falsely accused Plaintiff of engaging in conduct which justified their actions.

14. As a result of Defendant Officers unlawful use of force, Plaintiff suffered damages including pain and suffering and mental distress and anguish.

## COUNT I – 42 U.S.C. § 1983
## Fourth Amendment

15. Each paragraph of this Complaint is incorporated herein.

16. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

18. As a result of the described misconduct, Plaintiff suffered damages, including but not limited to: physical pain and suffering; injuries requiring hospitalization; mental distress and anguish.

19. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

## COUNT II - 42 U.S.C. § 1983
## False Arrest/Unlawful Detention

20. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

21. As described above, Defendant Officers detained and falsely arrested Jamal Smith, unreasonably and without probable cause, in violation of his Fourth Amendment Right to be free from unreasonable seizure.

22. The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and deliberate indifference to Jamal Smith's constitutional rights.

23. As a result of the described misconduct, Jamal Smith suffered damages, including but not limited to: physical suffering; incarceration; mental distress and anguish.

24. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

### COUNT III - 42 U.S.C. § 1983
### Excessive Force

25. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

26. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

27. The misconduct described in this Count was objectively unreasonable and was undertaken with willful indifference to Plaintiff's constitutional rights.

28. The misconduct described in this Count was undertaken under the policy and practice of the Joliet Police Department in that:

   a. As a matter of policy and practice, the Joliet Police Department directly encourages, and is thereby the moving force behind the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

4

b. As a matter of both policy and practice, the Joliet Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Joliet Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Joliet Police Officers accused of misconduct can be confident that the City of Joliet will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Joliet Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

d. The City of Joliet has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

29. As a result of the unjustified and excessive use of force by one or more of the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

30. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, the City of Joliet, is liable for their actions.

**COUNT IV - 42 U.S.C. § 1983**
**14th Amendment – Substantive Due Process**

31. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

32. In the manner described above, the Defendant Officers deprived Plaintiff of Due Process in violation of the Fourteenth Amendment to the United States Constitution.

33. The Defendant Officer's actions set forth above were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

34. As a result of the above-described wrongful conduct, as well as the City of Joliet's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

35. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that his employer, City of Joliet, is liable for his actions.

## COUNT V - 42 U.S.C. § 1983
## Failure to Intervene

36. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

37. One or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he or she been so inclined but failed to do so.

38. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

39. The Defendant's Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

40. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described more fully above.

41. The misconduct described in this Count was undertaken by Defendant Officers within the scope of his employment and under the color of law such that his employer, City of Joliet, is liable for his actions.

## COUNT VI - 42 U.S.C. § 1983
### Conspiracy

42. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

43. As described more fully in the preceding paragraphs, the Defendant Officers knowingly acted in concert to deprive Plaintiff of his Constitutional rights under color of law.

44. Plaintiff was deprived of his Constitutional right in the manner described in the preceding paragraphs.

45. In furtherance of the conspiracy, Defendant Officers committed overt acts of knowingly acting against Plaintiff through the use of their police powers and otherwise were willful participants in joint activity with other state actors acting under color of law.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. As a proximate result of the Defendants' conspiracy, Plaintiff suffered damages, including physical injury and severe emotions distress and anxiety.

48. The conspirators committing the misconduct described in this Count were motivated by personal bias in terms of their own self-interest.

49. The misconduct described in this Count was undertaken under the policy and practice of the Joliet Police Department in the manner described more fully above.

**COUNT VII – State Law Claim**
**Intentional Infliction of Emotional Distress**

50. Each paragraph of the Complaint is incorporated as if restated fully herein.

51. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous. Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

52. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

53. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress.

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

55. As a proximate result of Defendant's wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

**COUNT VIII – State Law Claim**
**Malicious Prosecution**

56. Each paragraph of the Complaint is incorporated as if restated fully herein.

57. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in manners indicative of innocence.

58. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

59. Statements of the Defendant Officers regarding Plaintiff alleged culpability were made with knowledge that the statements were false and perjured. In so doing the Defendant Officers fabricated evidence and withheld exculpatory information.

60. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

61. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

62. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, City of Joliet, is liable for their actions.

## COUNT IX – State Law Claim
## Civil Conspiracy

63. Each paragraph of the Complaint is incorporated as if restated fully herein.

64. As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish and unlawful purpose by an unlawful means.

65. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

66. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

67. As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including physical pain and suffering and severe emotional distress and anguish.

## COUNT X – State Law Claim
## False Imprisonment

68. Each paragraph of the Complaint is incorporated as if restated fully herein.

69. Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendants' knowledge that there was no probable cause to do so.

70. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Mr. Smith's rights.

71. As a result of the above-described wrongful infringement of Mr. Smith's rights, he suffered damages, including but not limited to mental distress and anguish.

72. The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, City of Joliet, is liable for their actions.

## COUNT XI – State Law Claim
## Indemnification

73. Each paragraph of the Complaint is incorporated as if restated fully herein.

74. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

75. The Defendants are or were employees of the Joliet Police Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JAMAL SMITH, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF JOLIET and UNKNOWN JOLIET POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities and award

Plaintiff attorney's fees and costs in an amount to be determined by the jury upon trial of this case, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Jamal Smith, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/S/ *Lawrence X. O'Reilly*

/S/ *Michael E. Baker*

Attorneys for Plaintiff

.
Lawrence X. O'Reilly
ARDC No. 6207407
110 E. Schiller Street
Suite #224
Elmhurst IL 60126
Ph. (312)505-7225
Fax (630)206-0697
lxolaw@gmail.com

Michael E. Baker
ARDC No. 6291373
190 S. LaSalle Street
Suite 1540
Chicago, Illinois
Ph. (312) 782-4640
Fax: (312) 422-1121
mike@spectorbaker.com