IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR M. WILLIAMS,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF JOLIET ET AL.,<br><br>    Defendants.<br>─────────────────────────────<br>JAMAL M. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF JOLIET, and<br>UNKNOWN JOLIET POLICE OFFICERS, | Case No. 20-cv-5367<br><br><br>Consolidated with<br><br>Case No. 20-cv-5387<br><br>**Hon. Sara L. Ellis**<br><br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S ANSWER AND
### AFFIRMATIVE DEFENSE TO PLAINTIFF JAMAL M SMITH'S COMPLAINT

NOW COMES Defendant, CITY OF JOLIET, by and through its attorneys, MICHAEL D. BERSANI and G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and for its Answer and Affirmative Defense to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**: **Defendant admits the action is brought under 42 U.S.C. § 1983. Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.**

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331 and §1367.

**ANSWER**: **Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

3. The Court has supplementary jurisdiction over the substantially related state claims under 28 U.S.C. 1367 (a).

**ANSWER**: **Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

4. Venue is appropriate pursuant to 28 U.S.C. 1391 as all of the complained of acts occurred within the Northern District of Illinois.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

## PLAINTIFF'S ALLEGATIONS

5. JAMAL M. SMITH (hereinafter "Plaintiff") is a 28-year-old resident of Crest Hill, Will County, Illinois.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.**

6. On May 31, 2020, Robert O'Dekirk was the elected Mayor of the City of Joliet, Illinois.

**ANSWER**: **Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.**

7. On May 31, 2020, unknown individual police officers (collectively, the "Defendant Officers") were employed by the City of Joliet.

**ANSWER**: **Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint**.

8. On May 31, 2020, Defendant Mayor O'Dekirk grabbed Plaintiff's brother, Victor M. Williams in and around the neck area and about the body and forcefully drove him backwards and subsequently threw him to the ground. At no time did Victor Williams undertake any measures to provoke the encounter or actions which took him to the ground. Victor Williams had committed no

crime, was unarmed, presented no threat to any person and was upon public land. There was no justification for the use of force against Victor Williams.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

9. Plaintiff came to the defense of Victor Williams by making attempts to stop Mayor O'Dekirk's unprovoked attack upon Victor Williams.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint**

10. The Defendant Officers without any justification or provocation beat Plaintiff about his head and body and continued to do so as he lay defenseless on the ground.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint**

11. After being beaten, Plaintiff was arrested without lawful justification, handcuffed, placed inside a squadrol, and taken to the Joliet Police Department where he was charged with Aggravated Assault and Mob Action.

**ANSWER:** **Defendant admits Plaintiff was arrested, handcuffed, and taken to the Joliet Police Department. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.**

12. On July 2, 2020, the Will County State's Attorney's Office announced that they were not proceeding on the charges against Plaintiff.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.**

13. Defendant Officers used inappropriate, unwarranted and unjustifiable force against Plaintiff. Defendant Officers assaulted, battered and restrained Plaintiff without lawful cause or justification. Following the beating, the Defendant Officers falsely accused Plaintiff of engaging in conduct which justified their actions.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14. As a result of Defendant Officers unlawful use of force, Plaintiff suffered damages including pain and suffering and mental distress and anguish.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint**

## COUNT I – 42 U.S.C. § 1983
### Fourth Amendment

15. Each paragraph of this Complaint is incorporated herein.

**ANSWER**: **Defendant incorporates and re-states its answers to Paragraphs 1 through 14 above as its answer to Paragraph 15 of Plaintiff's Complaint.**

16. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

**ANSWER**: **Defendant admits that the Defendant Officers acted under color of law. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18. As a result of the described misconduct, Plaintiff suffered damages, including but not limited to: physical pain and suffering; injuries requiring hospitalization; mental distress and anguish.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** **Defendant admits that the Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.**

## COUNT II - 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

20. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER**: **Defendant incorporates and re-states its answers to Paragraphs 1 through 19 above as its answer to Paragraph 20 of Plaintiff's Complaint.**

21. As described above, Defendant Officers detained and falsely arrested Jamal Smith, unreasonably and without probable cause, in violation of his Fourth Amendment Right to be free from unreasonable seizure.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.**

22. The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and deliberate indifference to Jamal Smith's constitutional rights.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23. As a result of the described misconduct, Jamal Smith suffered damages, including but not limited to: physical suffering; incarceration; mental distress and anguish.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**: **Defendant admits that the Defendant officers are or were employees of the City of Joliet and acted within the scope of their employment. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.**

## COUNT III - 42 U.S.C. § 1983
### Excessive Force

**Not answered because this *Monell* claim is subject to a motion to dismiss**

5

## COUNT IV - 42 U.S.C. § 1983

### 14th Amendment – Substantive Due Process

**Not answered because this claim is subject to a motion to dismiss.**

## COUNT V - 42 U.S.C. § 1983
### Failure to Intervene

36. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER**: **Defendant incorporates and re-states its answers to Paragraphs 1 through 35 above as its answer to Paragraph 36 of Plaintiff's Complaint.**

37. One or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he or she been so inclined but failed to do so.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.**

38. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.**

39. The Defendant's Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.**

40. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described more fully above.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.**

41. The misconduct described in this Count was undertaken by Defendant Officers within the scope of his employment and under the color of law such that his employer, City of Joliet, is liable for his actions.

**ANSWER:** **Defendant admits that the Defendant Officers acted within the scope of their employment. Defendant denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.**

## COUNT VI - 42 U.S.C. § 1983
### Conspiracy

**Not answered because this claim is the subject of a motion to dismiss.**

## COUNT VII – State Law Claim
### Intentional Infliction of Emotional Distress

50. Each paragraph of the Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant incorporates and re-states its answers to Paragraphs 1 through 49 above as its answer to Paragraph 50 of Plaintiff's Complaint.**

51. The acts and conduct of Defendant Officers and Defendant O'Dekirk as set forth above were extreme and outrageous. Defendant Officers and Defendant O'Dekirk intended to cause or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.**

52. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.**

53. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.**

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.**

55. As a proximate result of Defendant's wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.**

## COUNT VIII – State Law Claim
## Malicious Prosecution

**Not answered because this claim is the subject of a motion to dismiss**

## COUNT IX – State Law Claim
## Civil Conspiracy

**Not answered because this claim is the subject of a motion to dismiss.**

## COUNT X – State Law Claim
## False Imprisonment

68. Each paragraph of the Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant incorporates and re-states its answers to Paragraphs 1 through 67 above as its answer to Paragraph 68 of Plaintiff's Complaint.**

69. Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendants' knowledge that there was no probable cause to do so.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.**

70. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Mr. William's [*sic*] rights.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.**

71. As a result of the above-described wrongful infringement of Mr. William's [*sic*] rights, he suffered damages, including but not limited to mental distress and anguish.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.**

72. The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, City of Joliet, is liable for their actions.

**ANSWER:** **Defendant admits that the Defendant Officers acted within the scope of their employment. Defendant denies the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.**

### COUNT XI – State Law Claim
### Indemnification

73. Each paragraph of the Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant incorporates and re-states its answers to Paragraphs 1 through 72 above as its answer to Paragraph 73 of Plaintiff's Complaint.**

74. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.**

75. The Defendants are or were employees of the Joliet Police Department and the Mayor of the City of Joliet who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** **Defendant admits they were employees of the City of Joliet and the Mayor who acted within the scope of their employment. Defendant denies the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.**

WHEREFORE, Defendant CITY OF JOLIET denies that the Plaintiff is entitled to any judgment whatsoever against it, and prays this Honorable Court will enter judgment in its favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

s/ G. David Mathues
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendant*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

# FIRST AFFIRMATIVE DEFENSE

NOW COMES Defendant CITY OF JOLIET by and through its attorneys, MICHAEL D. BERSANI and G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and for its First Affirmative Defense to Plaintiff's complaint, states as follows:

Plaintiff's claims are barred, in whole or in part, by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/101 *et seq.*, ("Act"), including but not limited to the following:

1. Defendant City of Joliet is a local public entity as defined in the Act. 745 ILCS 10/1-206 and 1-207.

2. Defendant City of Joliet is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by an injured party or a third party. 745 ILCS 10/2-102 and 10/2-302. Therefore, the City of Joliet is not liable for any punitive damages award should such an award be made in favor of Plaintiff.

3. Defendant City of Joliet is not liable for an injury resulting from an act or omission of its employees where the employees are not liable. 745 ILCS 10/2-109. No City of Joliet employee is liable for Plaintiff's alleged injuries and damages, so the City of Joliet is not liable.

4. No law enforcement officer employed by Defendant City of Joliet is liable for his or her alleged acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202, 10/1-210. The law enforcement officers who encountered Plaintiff were at all times executing or enforcing the law and their acts or omissions did not constitute willful and wanton conduct.

WHEREFORE, Defendant CITY OF JOLIET denies that the Plaintiff is entitled to any judgment whatsoever against it and prays that this Honorable Court will enter a judgment in its favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

s/ G. David Mathues
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendant*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774     F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. WILLIAMS, ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| CITY OF JOLIET ET AL., ) | Case No. 20-cv-5367 | |
| Defendants. ) | | |
| _____ ) | Consolidated with | |
| ) | | |
| JAMAL M. SMITH, ) | Case No. 20-cv-5387 | |
| Plaintiff, ) | | |
| v. ) | **Hon. Sara L. Ellis** | |
| ) | | |
| CITY OF JOLIET, and ) | | |
| UNKNOWN JOLIET POLICE OFFICERS, ) | JURY TRIAL DEMANDED | |
| Defendants. ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on **November 12, 2020** I electronically filed the foregoing ***Defendant's Answer and Affirmative Defense to Plaintiff Jamal M. Smith's Complaint,*** with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants:

**TO:**   Lawrence X. O'Reilly, 110 E. Schiller St., Suite 224, Elmhurst, IL 60126, lxolaw@gmail.com

Michael Eric Baker, Spector & Baker, 190 S. LaSalle St., Suite 1540, Chicago, IL  60603 mike@spectorbaker.com

Sabrina Spano, City of Joliet, 150 W. Jefferson St., Joliet, IL 60432, sspano@joliet.gov

        Respectfully submitted,

        s/ G. David Mathues
        MICHAEL D. BERSANI, ARDC No. 06200897
        G. DAVID MATHUES, ARDC No. 06293314
        *Attorneys for Defendant*
        HERVAS, CONDON & BERSANI, P.C.
        333 W. Pierce Road, Suite 195
        Itasca, IL 60143-3156
        P: 630-773-4774     F: 630-773-4851
        mbersani@hcbattorneys.com
        dmathues@hcbattorneys.com