IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. WILLIAMS | ) | |
| Plaintiff, | ) | |
| Vs. | ) | Case No. 20 cv 5367 |
| CITY OF JOLIET ET AL. | ) | |
| | ) | Consolidated with |
| JAMAL M. SMITH, | ) | |
| Plaintiff, | ) | Case No. 20 cv 5387 |
| v. | ) | |
| | ) | Honorable Sara L. Ellis |
| CITY OF JOLIET, and | ) | |
| UNKNOWN POLICE OFFICERS | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiffs, VICTOR WILLIAMS and JAMAL M. SMITH, by and through their attorneys, LAWRENCE X. O'REILLY and MICHAEL E. BAKER, and complaining of Defendants, CITY OF JOLIET, ROBERT O'DEKIRK, and UNKNOWN JOLIET POLICE OFFICERS (collectively, the "Defendant Officers"), and states as follows:

## INTRODUCTION

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331 and §1367.

1

3. The Court has supplementary jurisdiction over the substantially related state claims under 28 U.S.C. 1367 (a).

4. Venue is appropriate pursuant to 28 U.S.C. 1391 as all of the complained of acts occurred within the Northern District of Illinois.

## PLAINTIFFS' ALLEGATIONS

5. Victor M. Williams is a 23-year-old resident of Lockport, Will County, Illinois.

6. Jamal Smith is a 28-year-old resident of Crest Hill, Will County, Illinois.

7. On May 31, 2020, Robert O'Dekirk was the elected Mayor of the City of Joliet, Illinois.

8. On May 31, 2020, unknown individual police officers (collectively, "Defendant Officers") were employed by the City of Joliet.

9. On May 31, 2020, Defendant Mayor O'Dekirk grabbed Victor Williams in and around the neck area and about the body and forcefully drove him backwards and subsequently threw him to the ground. At no time did Mr. Williams undertake any measures to provoke the encounter or actions which took him to the ground. Mr. Williams had committed no crime, was unarmed, presented no threat to any person and was upon public land. There was no justification for the use of force against Victor Williams.

10. Jamal Smith, Victor Smith's brother, came to the defense of Mr. Williams by making attempts to stop Mayor O'Dekirk's unprovoked attack upon Mr. Williams.

11. Both Plaintiffs were thrown to the ground by Defendant Officers. After being thrown to the ground, and without justification, Defendant Officers beat Plaintiffs about their head and bodies as they lay defenseless on the ground. Defendant Officers without justification

or provocation beat Plaintiffs about their heads and bodies and continued to do so as they lay defenseless on the ground.

12. After being beaten, Plaintiffs were arrested without lawful justification, handcuffed, placed inside a squadrol, and taken to the Joliet Police Department where they were charged with Aggravated Assault and Mob Action.

13. Defendant Officers used inappropriate, unwarranted and unjustifiable force against Plaintiffs. Defendant Officers assaulted, battered and restrained Plaintiffs without lawful cause or justification. Following the beating, Defendant Officers falsely accused Plaintiffs of engaging in conduct which justified their actions.

14. As a result of Defendant Officers unlawful use of force, Plaintiffs suffered damages including pain and suffering and mental distress and anguish.

## COUNT I – 42 U.S.C. § 1983
## Fourth Amendment

15. Each paragraph of this Complaint is incorporated herein.

16. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

18. As a result of the described misconduct, Plaintiffs suffered damages, including but not limited to physical pain and suffering; injuries requiring hospitalization; mental distress and anguish.

19. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

3

## COUNT II - 42 U.S.C. § 1983
## False Arrest/Unlawful Detention

20. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

21. As described above, Defendant Officers detained and falsely arrested Plaintiffs, unreasonably and without probable cause, in violation of his Fourth Amendment Right to be free from unreasonable seizure.

22. The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and deliberate indifference to Plaintiffs' constitutional rights.

23. As a result of the described misconduct, Plaintiff suffered damages, including but not limited to: physical suffering; incarceration; mental distress and anguish.

24. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

## COUNT III - 42 U.S.C. § 1983
## Excessive Force

25. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

26. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiffs constituted excessive force in violation of the United States Constitution.

27. The misconduct described in this Count was objectively unreasonable and was undertaken with willful indifference to Plaintiffs' constitutional rights.

28. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, the City of Joliet, is liable for their actions.

### COUNT IV - 42 U.S.C. § 1983
### Failure to Intervene

29. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

30. One or more of Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above had he or she been so inclined but failed to do so.

31. As a result of Defendant Officers' failure to intervene, Plaintiffs suffered pain and injury, as well as emotional distress.

32. Defendant's Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

33. The misconduct described in this Count was undertaken by Defendant Officers within the scope of his employment and under the color of law such that his employer, City of Joliet, is liable for his actions.

### COUNT V – State Law Claim
### Intentional Infliction of Emotional Distress

34. Each paragraph of the Complaint is incorporated as if restated fully herein.

35. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous. Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

36. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiffs and thereby constituted intentional infliction of emotional distress.

37. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish.

### COUNT VI – State Law Claim
### False Imprisonment

40. Each paragraph of the Complaint is incorporated as if restated fully herein.

41. Plaintiffs were arrested and imprisoned, and thereby had their liberty to move about unlawfully restrained, despite Defendants' knowledge that there was no probable cause to do so.

42. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

43. As a result of the above-described wrongful infringement of Plaintiffs' rights, they suffered damages, including but not limited to mental distress and anguish.

44. The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, City of Joliet, is liable for their actions.

### COUNT VII– State Law Claim
### Indemnification

45. Each paragraph of the Complaint is incorporated as if restated fully herein.

46. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

47. Defendants are or were employees of the Joliet Police Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, VICTOR WILLIAMS and JAMAL SMITH, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF JOLIET and UNKNOWN JOLIET POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities and award Plaintiff attorney's fees and costs in an amount to be determined by the jury upon trial of this case, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs, Victor Williams and Jamal Smith hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/S/ *Lawrence X. O'Reilly*

/S/ *Michael E. Baker*

Attorneys for Plaintiffs

.
Lawrence X. O'Reilly
ARDC No. 6207407
110 E. Schiller Street
Suite #224
Elmhurst IL 60126
Ph. (312)505-7225
Fax (630)206-0697
lxolaw@gmail.com

Michael E. Baker
ARDC No. 6291373
190 S. LaSalle Street
Suite 1540
Chicago, Illinois
Ph. (312) 782-4640
Fax: (312) 422-1121
mike@spectorbaker.com

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2021, I electronically filed the First Amended Complaint, with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants:

TO:

Michael D. Bersani
Hervas, Condon, and Bersani, P.C.
333 W Pierce Road Suite 195
Itasca, IL 60143
Email:Mbersani@hcbattorneys.com

Glenn David Mathues
Hervas, Condon, and Bersani, P.C.
333 W Pierce Road Suite 195
Itasca, IL 60143
Email:Dmathues@hcbattorneys.com

Sabrina Spano
City of Joliet
150 West Jefferson Street
Joliet, IL 60432
Email:Sspano@jolietcity.org

Respectfully Submitted,

/S/ *Michael E. Baker*

Attorneys for Plaintiffs

Lawrence X. O'Reilly
ARDC No. 6207407
110 E. Schiller Street
Suite #224
Elmhurst IL 60126
Ph. (312)505-7225
Fax (630)206-0697
lxolaw@gmail.com

Michael E. Baker
ARDC No. 6291373
190 S. LaSalle Street
Suite 1540
Chicago, Illinois
Ph. (312) 782-4640
Fax: (312) 422-1121
mike@spectorbaker.com